On Rehearing.
LAND, J.
[5] Act No. 147 of 1902 is applicable to this case, and the- main contention of the defendant is that the provisions of said statute were not complied with in the letting of the contract for paving sidewalks.
On June 22, 1909, the mayor and board of aldermen of the town of Minden, pursuant to said statute, adopted an ordinance providing for the paving with concrete of the sidewalks along certain streets and parts of streets in said municipality. This ordinance provided that the mayor and street committee should prepare specifications of grades, materials to be used, and the manner in which said paving shall be done, and said specifications, when prepared and approved by the mayor and said- committee and filed in the mayor’s office, should form the basis upon which bids for said work should be received and contracts let therefor.
*936 The ordinance further provided that, after the filing of said specifications, advertisements for bids should be published for ten days in the official journal, and that, if no satisfactory bids were received, the town should have said sidewalks constructed as authorized by the statute.
Specifications for the work were approved by the mayor and board of aldermen on June 22, 1909. Notice to bidders was inserted in the official journal on June 25 and July 2, 1909. The notice recited that bids would be received up to 7:30 p. m. of July 6, 1909. The board of aldermen met on July 5th, and the minutes show the following proceedings :
“Bids for paving certain sidewalks as advertised for were received and opened, and on motion further action was deferred.”
The board adjourned until Tuesday night, July 6th, at 8 o’clock. On July 6th the board met pursuant to adjournment, but no action was taken on paving bids. On July 9, 1909, it was moved and seconded that the town attorney be instructed to draw a contract with Dejersey and Barnard to cover such work as might be given them by the street committee; the contract to be subject to ratification or rejection by the council. On July 12, 1909, the board met and adopted a resolution, reciting that Dejersey and Barnard, concrete contractors, had submitted the lowest bid for sidewalk construction, and authorizing the mayor to enter into a contract with them for concrete sidewalk construction in accordance with the contract made part of the resolution.
The contract was made, and the sidewalks were constructed by the contractors, and the town brought these two suits' to recover the cost of construction.
The judge below said that the board of aldermen “met on Monday night, July 5th, and opened the only bid they had received up to that time, then closed the bidding, and they refused to receive any more.” The minutes do not show that the board closed the bidding or refused to receive any more bids on July 5 and 6, 1909; and the evidence shows that the Tooley bid was not brought before the board until July 12, 1909. This bid, so called,' was not accompanied with the required certified check, was not filed with the secretary, but was read out by one of the aldermen, who was opposed to the paving scheme. The Tooley bid was not serious and was properly disregarded by the town council. The evidence shows that the call for bids was published for ten days, and that the contract was let to the lowest responsible bidder, as prescribed in section 2 of Act 147 of 1902. The opening of the bid of ’Dejersey and Barnard on the evening of July 5, 1912, was a wrong to those bidders, but did not prevent other persons from bidding for the work up to 7:30 o’clock p. m. of the next day. The opening of the bid showed that Dejersey and Barnard were offering to perform the work at 9 cents per square foot. Even with this public notice, there was no other bidder. The evidence shows that one contractor in the same line declared that he could not compete with the bid of Dejersey and Barnard.
We conclude that the contract was let in substantial compliance with the provisions of Act 147 of 1902. Section 3 of the act reads .as follows:
“That the owners of real estate so abutting shall pay the entire cost of such work, on the basis of the respective frontage of the property on the sidewalk or curbing to be paved and improved.”
Section 4 of the act authorizes the municipal authorities to collect the assessment by suit against the owners of the property.
Section 2 of the act vests in the municipal authorities of any town or city, having a population exceeding 2,500 and less than 50,-000, full power and authority to pave and *938 improve any portion of the sidewalk or curbing in the municipality by contract let to the lowest responsible bidder, or by the proper officers in case no satisfactory bid is received.
[7] In this case the work was performed by the contractors and accepted by the municipal authorities. In the absence of fraud, this acceptance is conclusive that the work was performed in accordance with the terms of the contract. Kelly v. Chadwick, 104 La. 734, 29 South. 295.
[6] In the same case the court said:
“If the proportion of contribution was made on a wrong basis, the abutting- owners had the right simply to insist that the proper basis be adopted, and the legal proportion be established on that basis”
—and cited Barber Asphalt Co. v. Watt, 51 La. Ann. 1345, 26 South. 70, as enunciating the correct rule of apportionment where the abutting property is charged with a certain fraction of the cost of the work. The rule stated in the Barber Asphalt Co. Case is that the abutter should be charged with an equal proportion, according to frontage of his property, of the entire cost of paving the street, and not the cost of the particular square in which his lot was situated.
In the case at bar, the statute prescribes-that the abutting owner shall pay “the entire cost” of the paving work on the basis of the respective frontage of, the property on the sidewalk or curbing to be paved or improved.” The ordinance in question provided for the construction of concrete sidewalks, differing in width, on certain portions of a number of streets. Under such a scheme, each designated portion must be considered as a paving unit. The work of construction necessitated in some places grading, filling, excavations, retaining walls, etc., in addition to the laying of the sidewalk. The town of Minden seems to have charged the defendant with the entire cost of the work done in front of his lots. The entire cost of the work done on each street should have been apportioned among the abutting owners according to the respective frontage of their lots.
There are a number of issues raised in this case which do not affect the question of the legality of the tax, and over which we have no appellate jurisdiction. Such is defendant’s reconventional demand for property damages, which was dismissed as of nonsuit in the court below.
As the plaintiff did not apportion the cost of the work according to law, the demand is premature.
It is therefore ordered that our former decree herein be vacated; and it is now ordered that the judgment below, except in so far as it nonsuited defendant’s reconventional demand for-damages, be reversed, and it is now ordered that plaintiff’s suit be dismissed as in case of nonsuit, with costs in both courts.
BREAUX, C. J. I adhere to the original decree.